MARK J. CONNOT (10010)
KEVIN M. SUTEHALL (9437)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, #700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503 fax
mconnot@foxrothschild.com
ksutehall@foxrothschild.com
*Attorneys for Defendants*
*Wells Fargo & Company, Wells Fargo Bank N.A.,*
*and Wells Fargo Advisors, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MARGARET LESLIE CANTLON, aka Cindy Cantlon, Mrs. William McKean Cantlon,<br><br>Debtor-in-Possession. | Case No. BK-N-15-50292-gwz<br><br>Chapter 11 |
| MARGARET LESLIE CANTLON, aka Cindy Cantlon, Mrs. William McKean Cantlon and MARGARET LESLIE CANTLON, Trustee of the WILLIAM AND MARGARET CANTLON FAMILY TRUST dated March 7, 2000,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK N.A., and WELLS FARGO ADVISORS, LLC,<br><br>Defendants. | Adv. No. 18-05006-btb<br><br>**STATUS REPORT REGARDING MOTIONS TO DISMISS** |

In accordance with the Court's directive on January 26, 2021, Defendants Wells Fargo & Company, Wells Fargo Bank N.A., and Wells Fargo Advisors, LLC (together, "Defendants" or "Wells Fargo") submit this status report concerning Defendants' motions to dismiss and supplemental authorities.

1

I.    **PROCEDURAL HISTORY**

To convenience the Court, Wells Fargo summarizes this matter's nearly three-year procedural history.

A.    **Motions to Dismiss**

On March 7, 2018, Plaintiff Margaret Leslie Cantlon Aka Cindy Cantlon, Mrs. William Mckean Cantlon, and Margaret Leslie Cantlon as Trustee of the William and Margaret Cantlon Family Trust Dated March 7, 2000 ("Plaintiff") filed her "Counterclaim/Complaint to Recover Money Converted by Creditor, Wells Fargo" [AECF No. 1[1]] the ("Complaint"), initiating this adversary proceeding. Wells Fargo filed its Motion to Dismiss Plaintiffs' Complaint [AECF No. 8[2]] ("Motion to Dismiss Original Complaint") on April 3, 2018. The Motion to Dismiss Original Complaint primarily argued that all of Plaintiff's claims were based on events that had occurred more than six years before its March 2018 filing date and therefore were barred by the applicable statutes of limitations. *Id*. Plaintiff filed her opposition to the Motion to Dismiss Original Complaint on May 28, 2018 [AECF No. 14]. Wells Fargo filed its reply in support of the Motion to Dismiss Original Complaint on June 5, 2018 [AECF No. 19].

The Court heard oral arguments on the Motion to Dismiss Original Complaint on September 25, 2018. A transcript of the hearing was subsequently filed on October 1, 2018 [AECF No. 29]. On October 24, 2018, the Court entered its Findings of Fact and Conclusions of Law on the Motion to Dismiss Original Complaint [AECF No. 33] and its Order Concerning the Motion to Dismiss Original Complaint [AECF No. 34]. Based on its finding that Plaintiff's claims were not pleaded in accordance with the governing standards, the Court dismissed all but one of Plaintiff's claims without prejudice and granted Plaintiff leave to amend. *Id*. The Court dismissed Plaintiff's claim for "Violation of Graham-Leach-Bliley" without leave to amend. *Id*. The Court declined to rule on Wells Fargo's arguments that the statutes of limitations barred Plaintiff's

---

[1] Referenced herein to "AECF" are this adversary proceeding case number 18-05006.

[2] The First Motion to Dismiss was referred to in various filings as an Amended Motion to Dismiss. AECF No. 8 was an amended version of the motion to address a technical issue with AECF No. 7.

2

claims, instead reserving such arguments for later. *Id*.

Plaintiff filed her "Amended Complaint to Recover Deposits Converted by Defendants and Their Predecessors, Filed Pursuant to FRBP 7001(1)" on October 29, 2018 [AECF No. 36] (the "Amended Complaint"). Wells Fargo filed its Motion to Dismiss Plaintiff's Amended Complaint on November 26, 2018 [AECF No. 37] (the "Motion to Dismiss Amended Complaint"). Like its predecessor, the Motion to Dismiss Amended Complaint was mostly based on the expiration of the applicable statutes of limitations in addition to other arguments. *Id*. Plaintiff filed her Opposition to the Motion to Dismiss Amended Complaint on February 7, 2019 [AECF No. 43]. Wells Fargo filed its reply in support of the Motion to Dismiss Amended Complaint on February 14, 2019 [AECF No. 44].

The Court heard arguments on the Motion to Dismiss Amended Complaint on February 21, 2019, which was memorialized in a transcript filed on February 28, 2019 [AECF No. 46]. To begin the hearing, the Court recited the materials that it had reviewed and then discussed each of the claims that Plaintiff asserted in her Amended Complaint. *Id*. at pgs. 1-10. The Court then noted that "it strikes me that there is no dispute regarding the length of the various statute of limitations regarding any of the ten claims for relief, only that, one, there is no effective statute of limitations against any bank as a result -- what was it, 11.19?" *Id*. at 12:5-12:9. (The statute at issue was NRS 11.290.) The Court then discussed its analysis both of pleading standards and of various authorities relating to turnover under 11 U.S.C. §542 and other issues and equitable tolling. *Id*. at 12-25.

Following a short argument by Wells Fargo's counsel (*id*. at 25:21-27:16), the Court engaged in colloquy with Plaintiff's counsel about 11 U.S.C. §108 and the statutes of limitations governing Plaintiff claims. *Id*. at 27:21 *et seq*. The Court, with Plaintiff's counsel's agreement, concluded that if the statute of limitations for any claim had expired prior to Plaintiff's March 5, 2015 bankruptcy petition, it "would end" the analysis and that "filing bankruptcy does not breathe new life into it." *Id*. at 28:8-28:19. The Court then discussed statutes of limitations for claims that had not expired before the date of the petition, in which case the statutes would expire two years

3

after the petition was filed (here, March 5, 2017) or by the expiration of the of an applicable state statute of limitations, whichever was later. *Id.* at 28:20-29:18.

At that point in the oral argument, the Court considered Plaintiff's assertion that "there's no statute of limitations in an action against a bank." *Id.* at 29:19-30:9. In perhaps the most critical admission and finding during the oral argument, Plaintiff's counsel agreed that the statutes of limitations discussed in Wells Fargo's Motion to Dismiss Amended Complaint would apply *but for* Plaintiff's assertions concerning NRS 11.290:

> THE COURT: So therefore, you say that there's no --and if 11.290 is not applicable, then the applicable statute of limitations would be those that have been argued by Wells Fargo.
>
> MR. CARTLIDGE: Yes, sir.
>
> THE COURT: Okay. We agree on that.

*Id.* at 30:10-30:15. (Wells Fargo's Motion to Dismiss Amended Complaint had included, as Exhibit 1, a chart with the statutes of limitations for each of Plaintiff's claims and authority for each such period. AECF No. 37 at 23-24.)

The Court then asked Plaintiff's counsel about the application of NRS 11.290 to each of Plaintiff's causes of action. AECF No. 46 at 30:15-30:22. After a lengthy discussion in which Plaintiff's counsel (incorrectly) contended that a 1978 California Supreme Court entitled *Bullis v. Security National Bank* was binding on this Nevada bankruptcy court (*id.* at 30:23-34:4), the Court inquired of Plaintiff's counsel as follows:

> THE COURT: So you're saying *Bullis* controls what I'm going to do here?
>
> MR. CARTLIDGE: Yes, sir.
>
> THE COURT: Okay. You want to certify to the Nevada Supreme Court?

*Id.* at 34:5-34:9. Additional colloquy between the Court and counsel followed, wherein the Court asserted that "I need to be able to accept your position regarding [NRS] 11.290 to be able to find in your favor and deny this motion to dismiss. I need to do that. That's how important this is to you. . . . I can't be any more clear than that." *Id.* at 41:16-41:21. To conclude the hearing, the Court elected to refer the question of "does 11.290 apply to any and all actions that may be brought

4

against a bank for any reason?" to the Nevada Supreme Court, and stayed the adversary proceedings until the Nevada Supreme Court issued a decision. *Id.* at 48:17-50:7. No written order on the Motion to Dismiss Amended Complaint was entered except for the certifying question to the Nevada Supreme Court, discussed immediately below.

### B.     The Nevada Supreme Court Rules Against Plaintiff

This Court entered an Amended Order Certifying Question to the Nevada Supreme Court on April 4, 2019. AECF No. 53. The Nevada Supreme Court accepted the certified questions and directed briefing on the issues in an order dated June 10, 2019. AECF No. 57. The parties thereafter fully briefed the issues as ordered to the Nevada Supreme Court.

On November 20, 2020, the Nevada Supreme Court issued its decision on the certified questions. AECF No. 60 at 6-10[3]. In its decision, after the statutes of limitations governing specific state law claims that Plaintiff asserted in her Amended Complaint, the Nevada Supreme Court stated that:

> Given Cantlon's reading, NRS 11.290 would broadly and, purportedly, infinitely extend the temporal limitations on all of her claims. And, in so doing, the section would directly conflict with every specific statute of limitation noted above. We deem it unlikely that NRS 11.290—a tersely worded statute to which we have not had occasion to add significant legal gloss since it was enacted in 1911—could rightly be read to have such sweeping effect.

*Id.* at 9. At the end of its decision, the Nevada Supreme Court held that: "[i]n light of the specific issues raised in the underlying bankruptcy matter, it is, in our view, sufficient that we limitedly answer whether NRS 11.290 applies to any of the state law claims that Plaintiff asserted. Plainly, it does not." *Id.* at 9. The Nevada Supreme Court thereafter denied Plaintiff's petition for a rehearing. *Id.* at 4-5.

The Nevada Supreme Court denied, without exception, Plaintiff's argument that NRS 11.290 granted her a never-ending statute of limitations as to her state law claims. Nothing about the Nevada Supreme Court's ruling affects the parties' arguments on the expiration of the

---

[3] The Nevada Supreme Court's unpublished decision is accessible on Westlaw at 2020 WL 6870490.

5

governing statute of limitations except to the extent it rejected Plaintiff's only potential case-saving assertion. The Supreme Court's opinion simply eliminated Plaintiff's argument that her claims were not barred by the governing the statutes of limitations based on NRS 11.290.

## II. WELLS FARGO POSITION CONCERNING MOTION TO DISMISS AMENDED COMPLAINT

During the status conference on January 26, 2021, the Court authorized the parties to supplement arguments or points on the Motion to Dismiss Amended Complaint in this status report. AECF No. 61 at 11:16-11:18 and 14:1-14:5. While Wells Fargo's counsel asserted that further oral arguments were unnecessary, Plaintiff requested authorization to present additional oral arguments, and the Court granted Plaintiff's request while ordering the parties to submit status reports by February 16, 2021. *Id.* at 15:4-15:17. The Court indicated that its courtroom deputy would thereafter send out a notice of oral argument to take place via telephonic hearing. *Id.* at 16:12-16:18.

Toward the end of the status conference, the Court limited the scope of supplemental authorities to be submitted with their status reports, stating "I want to know if there's any supplement *as a result of the order from the Nevada Supreme Court*. That's it. It shouldn't be all that tough." *Id.* at 17:13-17:16 (emphasis added). Wells Fargo submits that no supplemental authorities are even remotely necessary based on the Nevada Supreme Court's order. As described above, the Nevada Supreme Court wholesale rejected Plaintiff's arguments with respect to NRS 11.290, holding that NRS 11.290 does not apply to any of Plaintiff's state law claims.

Wells Fargo submits that the Motion to Dismiss Amended Complaint is ripe for adjudication consistent with the Court's prior ruling, oral and provision as it was. To reiterate, Court ruled on the entirety of the Motion to Dismiss Amended Complaint when it advised Plaintiff that "I need to be able to accept your position regarding [NRS] 11.290 to be able to find in your favor and deny this motion to dismiss." AECF 46 at 41:16-41:21. No uncertainty or ambiguity remains with respect to statutes of limitations, Plaintiff's section 542 turnover claim[4], or anything

---

[4] The Court extensively reviewed and analyzed authorities relating to Plaintiff's defective turnover claims during the February 21, 2019 hearing. AECF No. 46 at 10:17-23:22. While the

else.  The Nevada Supreme Court rejected Plaintiff's position on NRS 11.290.  Accordingly, per this Court's prior statements, the Motion to Dismiss Amended Complaint should be granted in favor of Wells Fargo.  Wells Fargo requests that the motion be granted and that Plaintiff not be given further leave to amend to assert clearly time-barred claims.

DATED this 16th day of February, 2021.

**FOX ROTHSCHILD LLP**

*/s/ Mark J. Connot*
MARK J. CONNOT (10010)
KEVIN M. SUTEHALL (9437)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Attorneys for Defendants*
*Wells Fargo & Company, Wells Fargo Bank N.A.,*
*and Wells Fargo Advisors, LLC*

---

Court did not ultimately rule on the validity of Plaintiff's section 542 turnover claim on February 21, 2019, its analysis suggested that the claim could not survive.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February, 2021, I served a copy of the foregoing **STATUS REPORT** through the Court's ECF System to the person(s) listed below.

| | |
|---|---|
| John White, Esq.<br>White Law Chartered<br>335 West First Street<br>Reno, NV  89503<br>john@whitelawchartered.com<br>*Attorneys for Plaintiffs* | Blaine E. Cartlidge, Esq.<br>Cartlidge Law Office<br>5865 Tyrone Road, Suite 101<br>Reno, NV 89502<br>cartlidgelawoffice@icloud.com |

*/s/ Doreen Loffredo*
An Employee of Fox Rothschild LLP

8

Active\119444484.v1-2/15/21